[Cite as *State v. Helfrich*, 2018-Ohio-638.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO. 13-17-30

      v.

ROBERT C. HELFRICH,            O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO. 13-17-31

      v.

ROBERT C. HELFRICH,            O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO. 13-17-32

      v.

ROBERT C. HELFRICH,            O P I N I O N

      DEFENDANT-APPELLANT.

Case No. 13-17-30, 13-17-31, 13-17-32

---

**Appeals from Tiffin-Fostoria Municipal Court**
**Trial Court Nos. CRB 0200218 A, B, C, CRB 0200443, and CRB 0200444**

**Judgments Affirmed**

**Date of Decision: February 20, 2018**

---

**APPEARANCES:**

 *Dorothy L. Williams* **for Appellant**

 *Charles R. Hall, Jr.* **for Appellee**

**ZIMMERMAN, J.**

 **{¶1}** This matter comes before us upon three consolidated appeals. Defendant-Appellant, Robert C. Helfrich ("Helfrich"), appeals the judgments of the Seneca County Tiffin Municipal Court denying his motion to seal the record of his convictions. On appeal, Helfrich asserts that: 1) the trial court erred in making an arbitrary ruling; 2) the trial court erred in ruling that Helfrich was not an eligible offender for expungement; 3) the trial court abused its discretion in ruling that the need of society to maintain the record outweighs the benefit to Helfrich by sealing the record; 4) the trial court abused its discretion by ruling that Helfrich is not fully

rehabilitated; and 5) the trial court erred by basing its decision on an error of law. For the reasons that follow, we affirm the ruling of the trial court.

*Factual Background*

{¶2} On March 3, 2002, Helfrich was suspected for shoplifting cigarettes from a Kroger grocery store located in Tiffin, Ohio. (Case Number 02CRB218, Doc. No. 1).[1] Helfrich was detained by local law enforcement officers after a brief foot chase, and six packs of cigarettes were located on his person. (*Id.*).

{¶3} Helfrich was arrested for theft and taken to the police station for questioning.[2] (*Id.*). During Helfrich's interrogation, the officer questioning Helfrich noticed that Helfrich had the odor of alcohol on his breath. (*Id.*). Because Helfrich was only nineteen (19) years old at the time of this arrest, the officer asked Helfrich if he had been drinking. (*Id.*). Helfrich admitted that he had been drinking beer at a local bar. (*Id.*). Helfrich also told the officer that he was at Tiffin University just prior to being arrested for the shoplifting charge. (02CRB444, Doc. No. 1).

{¶4} However, Helfrich had been expelled from Tiffin University on February 5, 2002, and was informed by school officials that if he returned to school property criminal charges for trespassing would be filed against him. (*Id.*). So, due

---

[1] For clarity, because this appeal is from three separate court cases, references to the record will be identified by the Municipal Court docket number and the individual document number.
[2] Helfrich was advised of his Miranda rights before questioning commenced. (02CRB218, Doc. No. 1).

to Helfrich's admission that he was on Tiffin University's property, the Tiffin police department chose to investigate Helfrich's presence on university property and subsequently obtained evidence that Helfrich was, in fact, on Tiffin University's campus on March 3 and on March 6, 2002. (*Id.*; 02CRB443, Doc. No. 1).

*Procedural Background*

{¶5} On March 4, 2002, criminal charges were filed in the Tiffin Municipal Court stemming from Helfrich's shoplifting arrest. (02CRB218, Doc. No. 1). Specifically, Helfrich was charged with: Underage Consumption, in violation of R.C. 4301.632,[3] a misdemeanor of the first degree, in case number 02CRB218<u>A</u>; Theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, in case number 02CRB218<u>B</u>; and Resisting Arrest, in violation of R.C. 2921.33(A), a misdemeanor of the second degree, in case number 02CRB218<u>C</u>. (*Id.*). Helfrich pled not guilty to all charges and the case was set for a jury trial. (02CRB218, Doc. Nos. 4; 5). Thereafter, and on April 3, 2002, Helfrich appeared in the trial court and changed his plea from "not guilty" to "no contest" to the Underage Consumption and Theft charges. (02CRB218, Doc. No. 9). Because Helfrich entered "no contest" pleas to the charges of Underage Consumption and Theft, the prosecutor dismissed the Resisting Arrest charge. (*Id.*). Helfrich was found guilty by the trial court of the Underage Consumption charge and was ordered to pay a fine of $150,

---

[3] While R.C. 4301.632 has been repealed, it was the statute in effect at the time Helfrich was arrested in 2002.

plus court costs. He also received a suspended jail sentence of thirty (30) days. (*Id.*). Helfrich was also placed on probation for a period of one year. (*Id.*). The trial court also found Helfrich guilty of the Theft charge and he was ordered to pay a fine of $15 plus court costs. (*Id.*).

{¶6} On May 2, 2002, two additional and separate criminal cases were filed against Helfrich in the Tiffin Municipal Court. (02CRB443, Doc. No. 1; 02CRB444, Doc. No. 1). These charges stemmed from Helfrich's trespasses on Tiffin University's property on March 3rd and March 6th, 2002. (*Id.*). Helfrich was charged in each case with Criminal Trespass, in violation of R.C. 2911.21(A), misdemeanors of the fourth degree. (*Id.*). Helfrich entered a plea of "not guilty" to the Criminal Trespass charge in case number 02CRB443 on May 16, 2002. (02CRB443, Doc. No. 4). On June 6, 2002, Helfrich entered a plea of "not guilty" to the Criminal Trespass charge in case number 02CRB444. (02CRB444, Doc. No. 5).

{¶7} However, on August 1, 2002, Helfrich changed his pleas of "not guilty" to "no contest" in both trespassing cases in the trial court. (02CRB443, Doc. No. 12; 02CRB444, Doc. No. 10). As a result, Helfrich was found guilty by the trial court in both cases and sentenced to a fine of $150, and ordered to pay court costs in Case No. 02CRB443. (02CRB443, Doc. No. 12; 02CRB444, Doc. No. 10). The trial court also ordered Helfrich to serve thirty (30) days in jail, consecutive to any

other misdemeanor jail time, with such jail term being conditionally suspended. (*Id.*). In case number 02CRB444, Helfrich was ordered to pay court costs, and sentenced to serve thirty (30) days in jail, consecutive to any other misdemeanor jail time, with such sentence also being suspended. (02CRB444, Doc. No. 10).

{¶8} Approximately fifteen (15) years later, on June 9, 2017, Helfrich filed a motion in the trial court to seal the records of his convictions in all of his Tiffin Municipal Court cases. (02CRB218, Doc. No. 11; 02CRB443, Doc. No. 14; 02CRB444, Doc. No. 12). On July 6, 2017, the State of Ohio (Appellee herein) filed its objection to Helfrich's request. (02CRB218, Doc. No. 13; 02CRB443, Doc. No. 16, 02CRB444, Doc. No. 14). Specifically, the State of Ohio argued that Helfrich was not an "eligible offender" under R.C. 2953.32, which therefore precluded the sealing of his convictions. (*Id.*).

{¶9} A hearing on Helfrich's motions to seal was held in the Tiffin Municipal Court on July 10, 2017, and on the September 11, 2017 the trial court denied Helfrich's motions, ruling that: "[b]ased upon review of said case the Court finds that the Defendant does not qualify pursuant to ORC. [sic] and therefore said motion is DENIED." (02CRB218, Doc. No. 12; 02CRB443, Doc. No. 15; 02CRB444, Doc. No. 13).

{¶10} On October 11, 2017, Helfrich filed an appeal from the Tiffin Municipal Court's denial of his motion to seal his record. (02CRB218, Doc. No.

16; 02CRB443, Doc. No. 19; 02CRB444, Doc. No. 18). On appeal, Helfrich asserts

the following assignments of error for review:

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED IN MAKING A RULING THAT APPEARS TO BE ARBITRARY WITH NO STATED FOUNDATION FOR SAME.**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED IN APPARENTLY RULING THAT APPELLANT IS NOT AN ELIGIBLE OFFENDER.**

**ASSIGNMENT OF ERROR NO. III**

**THE TRIAL COURT ABUSED ITS DISCRETION IN APPARENTLY RULING THAT SOME UNDISCLOSED NEED OF SOCIETY TO MAINTAIN THE RECORD AS PUBLIC [SIC] OUTWEIGHS THE BENEFIT TO APPELLANT OF SEALING THE RECORD.**

**ASSIGNMENT OF ERROR NO. IV**

**THE TRIAL COURT ABUSED ITS DISCRETION IN APPARENTLY RULING THAT APPELLANT IS NOT FULLY REHABILITATED.**

**ASSIGNMENT OF ERROR NO. V**

**THE TRIAL COURT ERRED IN RULING BASED ON AN ERROR OF LAW: NAMELY THAT THE SEALING OF RECORDS IS CHANGING HISTORY.**

**{¶11}** For ease of analysis, we choose to address Helfrich's assignments of

error out of order.

*Appellant's Second Assignment of Error*

**{¶12}** In his second assignment of error, Helfrich asserts that the trial court erred by ruling that he was not an eligible offender to have his records sealed. Specifically, Helfrich argues that the trial court's determination that Helfrich "does not qualify pursuant to ORC" suggests that Helfrich is not an eligible offender to have his records sealed, and such ruling was an error of law. For the reasons that follow, we disagree.

*Standard of Review*

**{¶13}** "The sealing of records of conviction, like expungement, is an act of grace created by the state, and so is a privilege, not a right." *State v. Tauch,* 10th Dist. Franklin No. 13AP-327, 2013-Ohio-5796, ¶ 7 citing *State v. Dominy,* 10th Dist. Franklin No. 13AP-124, 2013-Ohio-3744, ¶ 5. As such, sealing should only be granted when all the requirements for eligibility are met. *Id.* "If an applicant is not an eligible offender, the trial court lacks jurisdiction to grant the application." *Id.* "[A]n order sealing the record of one who is not an eligible offender is void for lack of jurisdiction and may be vacated at any time. *Id.* "[W]hether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide *de novo*." *State v. Weiss,* 10th Dist. Franklin No. 14AP-957, 2015-Ohio-3015, ¶ 5.

*Relevant Statutory Authority*

**{¶14}** Under Ohio law, "'two different statutes relate to the sealing of court documents – R.C. 2953.32, for sealing of records after conviction, and R.C. 2953.52, for sealing after disposition other than conviction.'" *In re Application for the Sealing of the Records of A.H.,* 10th Dist. Franklin No. 15AP-555, 2016-Ohio-5530, 60 N.E.3d 60, ¶ 11 *quoting State ex rel. Cincinnati Enquirer v. Lyons,* 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 16.   Because Helfrich only petitioned the trial court to seal the record of his *convictions*, we will analyze this assignment of error with guidance from the statutory language contained in R.C. 2953.32.

R.C. 2953.32 provides, in its relevant part:

(A)(1) Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction. * * *

(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant. The probation officer or county department of probation that the court directs to make inquiries concerning the applicant shall determine whether or not the applicant

was fingerprinted at the time of arrest or under section 109.60 of the Revised Code. If the applicant was so fingerprinted, the probation officer or county department of probation shall include with the written report a record of the applicant's fingerprints. If the applicant was convicted of or pleaded guilty to a violation of division (A)(2) or (B) of section 2919.21 of the Revised Code, the probation officer or county department of probation that the court directed to make inquiries concerning the applicant shall contact the child support enforcement agency enforcing the applicant's obligations under the child support order to inquire about the offender's compliance with the child support order.

(C)(1) The court shall do each of the following:
(a)  *Determine whether the applicant is an eligible offender* or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.
(b)  Determine whether criminal proceedings are pending against the applicant;
(c)  If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
(d)  If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
(e)  Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against

the legitimate needs, if any, of the government to maintain those records. * * *

(Emphasis added).  R.C. 2953.32.

{¶15} To determine whether Helfrich is an "eligible offender," pursuant to R.C. 2953.32, we look to the definition of "eligible offender" set forth in R.C. 2953.31(A), which, in its pertinent part, provides:

> "Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, *not more than two misdemeanor convictions*, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. *When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction.* When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction. * * *[4]

(Emphasis added).  R.C. 2953.31(A).

{¶16} Before a trial court exercises discretion in determining whether the statutory criteria permits sealing a record of conviction, the applicant must "first cross the threshold of statutory eligibility," pursuant to R.C. 2953.32(C)(1)(a).  *State*

---

[4] The remaining section of R.C. 2953.31(A) addresses minor misdemeanor convictions that do not count as convictions affecting eligibility under this section.  However, since Helfrich has no minor misdemeanor convictions, we omit that statutory language from this opinion for the purposes of judicial economy.

-11-

*v. V.M.D.,* 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 13 *quoting State v. Hamilton,* 75 Ohio St.3d 636, 639, 1996-Ohio-440, 665 N.E.2d 669. Accordingly, a trial court must first determine whether an applicant is an eligible offender, pursuant to R.C. 2953.32(C)(1). *Id.* at ¶ 14.

*Analysis*

**{¶17}** Initially, we note that Helfrich and the State of Ohio refer to "first offender"[5] and "eligible offender" interchangeably in their arguments. However, the Ohio Supreme Court has determined that "'the statutory law in effect at the time of the filing of a R.C. 2953.32 application to seal a record of a conviction is controlling.'" *Id.* at ¶ 6 *quoting State v. LaSalle,* 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus. Thus, while some appellate courts may have used "first offender" and "eligible offender" interchangeably, we must apply the controlling law in effect at the time Helfrich filed his application to seal his records. Accordingly, we will analyze Helfrich's argument to determine whether he is an "eligible offender" under R.C. 2953.31(A). *See generally, Dominy,* 10th Dist. Franklin No. 13AP-124, 2013-Ohio-3744, ¶ 5.

---

[5] A prior version of R.C. 2953.31, in effect until September 27, 2012, discussed the sealing of records for "first offenders." However, on September 28, 2012, the Ohio legislature revised R.C. 2953.31(A), changing the legal standard from "first offender" to "eligible offender." *See, Dominy,* 10th Dist. Franklin No. 13AP-124, 2013-Ohio-3744, ¶ 5.

{¶18} Helfrich argues that because he committed his four misdemeanor charges during a three-day span, all four (misdemeanor convictions) are connected by the same act or resulted from offenses committed at the same time, and therefore, should be counted as only one misdemeanor conviction. We find such interpretation of R.C. 2953.31(A) misplaced.

{¶19} In determining whether Helfrich's convictions are to be counted as one conviction pursuant to R.C. 2953.31(A), we must review the language of the statute and apply the rules of statutory construction to analyze the relevant portions of the eligible offender definition. *See generally, Tauch,* 10th Dist. Franklin No. 13AP-327, 2013-Ohio-5796, ¶¶ 8-11.

> *When two or more convictions result from or are connected with the same act * * * they shall be counted as one conviction.*

{¶20} In analyzing this initial portion of R.C. 2953.31(A), we note that "the 'same act' plainly refers to the 'same conduct.'" *State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 988 N.E.2d 401, ¶ 16. Helfrich argues that his four convictions resulted from or were connected with one act: living with his "frat brothers" for two weeks after he was dismissed from Tiffin University. Our review of the record reveals that his four misdemeanor convictions *did not* result from or were not connected to living with his frat brothers. When arrested for shoplifting on March 3, 2002, Helfrich admitted to trespassing on Tiffin University's property; stealing cigarettes from Kroger's; and drinking alcohol while under the legal

drinking age of twenty-one (21), all on that same date. These acts ultimately resulted in three convictions in two separate criminal proceedings in the Tiffin Municipal Court.

{¶21} Nevertheless, on March 6, 2002, Helfrich trespassed again on Tiffin University's campus after appearing in the trial court on March 4, 2002 for his arraignment on the charges that stemmed from his March 3, 2002 arrest for shoplifting. Helfrich's trespass of March 6th resulted in a new criminal case and a subsequent separate conviction against him in the Tiffin Municipal Court.

{¶22} In our review, Helfrich's conduct on March 3rd was not connected to his conduct of March 6th. We find that Helfrich's convictions from trespassing on the Tiffin University campus occurred on separates dates, and are unrelated to his theft and underage drinking convictions. While Helfrich's framing of his conduct as being one continuous act of "frat life" is trying to be clever, we are not persuaded by such characterization of the facts present in this case. Thus, we find this initial portion of our "eligible offender" analysis inapplicable under the facts presented.

> *When two or more convictions result from or are connected * * * offenses committed at the same time, they shall be counted as one conviction.*

{¶23} As previously discussed, Helfrich committed and was convicted of three misdemeanor crimes stemming from his behavior on March 3, 2002. Helfrich subsequently committed and was convicted of one misdemeanor crime stemming from his actions on March 6, 2002. Thus, Helfrich's crimes and acts were clearly

separated by the span of three days. *See generally, State v. Derugen,* 110 Ohio App.3d 408, 411, 674 N.E.2d 719 (3rd Dist. 1996) (Holding that convictions of drug abuse, possessing criminal tools, theft, falsification, and obstructing official business did not meet the statutory criteria contained within R.C. 2953.31 and R.C. 2953.32 as the offenses were separate and unrelated, even though some of the offenses had been committed on the same date).

{¶24} Thus, in our analysis of this portion of the "eligible offender" statutory language, Helfrich had, at a minimum, two separate misdemeanor convictions from the Tiffin Municipal Court for purposes of the sealing statute. And, because Helfrich testified (at his sealing of records hearing) that he had a criminal conviction for possession of drug paraphernalia from the Portsmouth Municipal Court in 2003, his three "consolidated" convictions made him ineligible for having his records sealed under R.C. 2953.31 and R.C. 2953.32 by the trial court. (*See* 07/10/2017 Tr. at 8).[6]

*When two or three convictions result from * * *.*

{¶25} Lastly, we look to the "eligible offender" statutory language contained in R.C. 2953.31(A), addressing convictions resulting from acts that were committed at the same time. In Helfrich's argument, it is evident to us that he is attempting to combine the requirements from this portion of the statute with the requirements of

---

[6] Helfrich testified at his hearing on his motion to seal records that he had a criminal conviction for possession of drug paraphernalia in the Portsmouth Municipal Court.

the previous portion (that we addressed above) to support his contention that he only had one conviction from the trial court. Such construction is not permissible, because the language of the statute is clear and unambiguous, and, as a result, we must apply the statute as written. *State v. J.M.,* 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 12 citing *Risner v. Ohio Dept. of Nat. Resources, Ohio Div. of Wildlife,* 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 12; *see also Boley v. Goodyear Tire & Rubber Co.,* 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 20. Thus, because the statute clearly indicates that such criteria contained in this portion of R.C. 2953.31(A) only applies to two or three convictions, an offender having more than two or three convictions would not be eligible for the exception criteria contained in this particular section of R.C. 2953.31(A).

{¶26} In the case before us, Helfrich came to the Tiffin Municipal Court seeking to have *four* convictions sealed. Because the statutory language indicates that only two or three convictions are subject to this portion of analysis under R.C. 2953.31(A), we find that Helfrich did not meet the statutory requirement for this set of exceptions to apply. Thus, we agree with the trial court that Helfrich was not an "eligible offender" for purposes of the sealing statute.

{¶27} Accordingly, because Helfrich was unable to establish himself as an eligible offender (the first requirement of the sealing statute pursuant to R.C.

2953.32(C)(1)), the trial court did not err in finding that Helfrich did not meet the statutory requirements to have his records sealed.[7]

**{¶28}** Accordingly, we overrule Helfrich's second assignment of error.

*Appellant's First, Third, Fourth, and Fifth Assignments of Error*

**{¶29}** As the trial court correctly held that Helfrich was not an "eligible offender" pursuant to R.C. 2953.31 and R.C. 2953.32, it was without jurisdiction to exercise discretion and rule on the merits of Helfrich's motion. Thus, by finding that Helfrich was not an "eligible offender" to have his record of convictions sealed, Helfrich's first, third, fourth, and fifth assignments of error are therefore rendered moot.

**{¶30}** Having found no error prejudicial to Helfrich herein in the particulars assigned and argued, we overrule Helfrich's second assignment of error and moot Helfrich's first, third, fourth, and fifth assignments of error. Accordingly, we affirm the judgments of the Tiffin Municipal Court.

***Judgments Affirmed***

**WILLAMOWSKI, P.J., and PRESTON, J., concur.**

---

[7] In ruling that the trial court did not err in finding Helfrich statutorily ineligible, we acknowledge that after the trial court issued its ruling on Helfrich's motion to seal his records, the Portsmouth Municipal Court granted his motion to seal his convictions in that court. However, we note that the Portsmouth Municipal Court judgment entry, as an attachment to a motion for reconsideration of a final judgment, is not properly before us, as a motion to reconsider a final judgment is a nullity. *See Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), paragraph two of the syllabus; *Consol. Rail Corp. v. Forest Cartage Co.,* 68 Ohio App.3d 333, 340, 588 N.E.2d 263 (8th Dist.1990). Additionally, even if we were able to consider the motion and entry, we note that Portsmouth Municipal Court may have improperly analyzed Helfrich's request to seal his *conviction* under R.C. 2953.52, which only applies to sealing records other than convictions. We accordingly disregard the motion for reconsideration and its attachments as not properly a part of the record.