[Cite as *State v. T.M.R.*, 2020-Ohio-3555.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 19AP-434 |
| | | (C.P.C. No. 90CR-2521) |
| | | (C.P.C. No. 90CR-5609) |
| v. | : | (C.P.C. No. 91CR-6776) |
| [T.M.R.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 30, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Dennis C. Belli*, for appellee. **Argued:** *Dennis C. Belli.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals the July 1, 2019 judgment entry sealing the record of conviction of defendant-appellee, T.M.R. For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} This matter involves appellee's application to seal her record of convictions originating in three separate criminal cases, the facts of which are undisputed. On May 16, 1990, a Franklin County Grand Jury filed an indictment in case No. 90CR-2521 charging appellee with ten criminal counts: one count of theft, in violation of R.C. 2913.02, a felony of the third degree; and nine counts of forgery, in violation of R.C. 2913.31, all felonies of the fourth degree. On May 9, 1991, appellee entered a plea of guilty to four counts of forgery,

which were listed in the indictment as Counts 2, 3, 6, and 8.  As specified in the indictment, the charged offenses involved four different checks drawn on the account of Financial Press of Ohio Inc. on or about March 7, March 19, June 7, and June 15, 1988.  On September 4, 1991, the trial court filed an entry accepting appellee's plea of guilty, finding her guilty, and sentencing her to 18 months on each count with all counts to be served concurrently.

{¶ 3}   On February 1, 1991, a Franklin County Grand Jury filed an indictment in case 90CR-5609 charging appellee with four counts of forgery, in violation of R.C. 2913.31, all felonies of the fourth degree.  On November 25, 1991, the trial court filed a judgment entry accepting appellee's plea of guilty to Count 1 of the indictment, finding her guilty, and sentencing her to six months incarceration, which were suspended for time served.  As specified in the indictment, count one occurred on or about June 20, 1989 and involved a check from the account of PH Hydraulics and Automation.

{¶ 4}   On November 22, 1991, a Franklin County Grand Jury filed an indictment in case No. 91CR-6776 charging appellee with six counts of forgery, in violation of R.C. 2913.31, all felonies of the fourth degree.  As specified in the indictment, the charged offenses involved six different checks which were drawn on the account of the Ohio Sheep Improvement Association on May 8, June 10, 1991, twice on June 11, July 15, and August 13, 1991.  On August 25, 1992, the trial court filed a judgment entry accepting appellee's plea of guilty to all six counts as indicted, finding her guilty, and imposing a sentence of incarceration for a period of 18 months on each count, which were to be served concurrently with each other and concurrently with the sentences in case Nos. 90CR-2521 and 90CR-5609.

{¶ 5}   On March 29, 2019, appellee filed an application for order sealing record of convictions pursuant to R.C. 2953.32.  On May 17, 2019, the state filed an objection to appellee's application to seal her record of convictions.  On June 27, 2019, the trial court held a hearing on appellee's application.  On July 1, 2019, the trial court filed a judgment entry granting appellee's motion to seal her record of convictions.

## II. Assignment of Error

{¶ 6} The state appeals and assigns a single error for our review:

> THE TRIAL COURT ERRED IN SEALING MULTIPLE CONVICTIONS, WHEN THE APPLICANT DID NOT MEET THE DEFINITION OF "ELIGIBLE OFFENDER," IN R.C. 2953.31(A)(1).

## III. Analysis

{¶ 7} In Ohio, the sealing of a record of conviction is a two-step process.[1] First, a court must make a legal determination as to whether the applicant is an "eligible offender" under the pertinent statute. *Compare* R.C. 2953.32 with 2953.52. A court may grant an application to seal a record of conviction only to an "eligible offender" who meets all the statutory requirements. *State v. Young*, 10th Dist. No. 19AP-49, 2019-Ohio-3161, ¶ 10; *State v. Paige*, 10th Dist. No. 15AP-510, 2015-Ohio-4876, ¶ 8. Here, appellee filed an application to seal her records under R.C. 2953.32. R.C. 2953.32(A)(1) provides in pertinent part as follows:

> [A]n eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction. Application may be made at one of the following times:
>
> (a) At the expiration of three years after the offender's final discharge if convicted of one felony;
>
> (b) When division (A)(1)(a) of section 2953.31 of the Revised Code applies to the offender, at the expiration of four years after the offender's final discharge if convicted of two felonies, or at the expiration of five years after final discharge if convicted of three, four, or five felonies.
>
> (c) At the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

R.C. 2953.31(A)(1) defines "eligible offender" as follows:

> (a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other

---

[1] We note that " '[i]n Ohio, "expungement" remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority.' " *State v. A.L.M.*, 10th Dist. No. 16AP-722, 2017-Ohio-2772, ¶ 11, quoting *State v. Nichols*, 10th Dist. No. 14AP-498, 2015-Ohio-581, ¶ 8, citing *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11. *See State v. C.L.H.*, 10th Dist. No. 18AP-495, 2019-Ohio-3786.

jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

(b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

**{¶ 8}** If an applicant is not an eligible offender, a trial court lacks jurisdiction to grant the application. *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6. The question of "[w]hether an applicant is an 'eligible offender' for purposes of an application to seal the record of a conviction is an issue that we review de novo." *State v. A.L.M.*, 10th Dist. No. 16AP-722, 2017-Ohio-2772, ¶ 9.

**{¶ 9}** Second, if the court finds the applicant to be an eligible offender, it must use its discretion to: (1) consider objections, if any, raised by the prosecutor, and (2) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.52(B)(2)(c) and (d). We apply an abuse of discretion standard when reviewing a trial court's resolution of these issues. *Paige* at ¶ 5, citing *State v. Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ **10**}  R.C. 2953.32(B) provides that a prosecutor may object to the granting of the application by filing an objection, including therein the reasons for believing a denial of the application is justified, with the court prior to the date set for the hearing on the application. If the trial court finds the applicant to be an eligible offender and, using its discretion, finds the other statutory factors support sealing the records of conviction, the trial court "*shall* order all official records of the case that pertain to the conviction * * * sealed." (Emphasis added.)  R.C. 2953.32(C)(2).  "Statutes providing for the sealing of records 'are remedial and are, therefore, to be construed liberally to promote their purpose and assist the parties in obtaining justice.' "  *State v. C.L.H.*, 10th Dist. No. 18AP-495, 2019-Ohio-3786, ¶ 14, quoting *State v. C.A.*, 10th Dist. No. 14AP-738, 2015-Ohio-3437, ¶ 11, citing *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999), citing R.C. 1.11.  *See Barker v. State*, 62 Ohio St.2d 35, 42 (1980).

{¶ **11**}  Here, the state argues the trial court erred in its determination that appellee was an eligible offender.  We agree.  First, appellee does not meet the requirements to be considered an eligible offender under R.C. 2953.31(A)(1)(a) because she had more than five felony convictions.

{¶ **12**}  Next, we consider whether appellee is an eligible offender under R.C. 2953.31(A)(1)(b).  An applicant is an eligible offender pursuant to R.C. 2953.31(A)(1)(b) if 2953.31(A)(1)(a) does not apply and he or she has "not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction."  Because appellee has more than one felony conviction, we must consider whether either of the two merger provisions under R.C. 2953.31(A)(1)(b) apply.

{¶ **13**}  Under the first merger provision, "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction."  R.C. 2953.31(A)(1)(b).  Here, the trial court stated that "there[] [were] different acts that happened because there were different checks on different dates."  (Tr. at 11.)  Thus, the trial court correctly determined that appellee was unable to avail herself of the first merger provision under R.C. 2953.31(A)(1)(b).  *In re Sealing of the Record of A.H.*, 10th Dist. No. 15AP-555, 2016-Ohio-5530, ¶ 22; *State v. Yorde*, 10th Dist. No. 11AP-404, 2011-Ohio-6671, ¶ 17.

{¶ 14} Under the second merger provision, "[w]hen two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A)(1)(b). Furthermore, the court may decide not to count the two or three convictions as one conviction because it is not in the public interest pursuant to R.C. 2953.32(C)(1)(a). Here, appellee does not qualify as an eligible offender under R.C. 2953.31(A)(1)(b) because she has more than two or three convictions from multiple different proceedings. *See State v. Price*, 10th Dist. No. 17AP-535, 2017-Ohio-8591, ¶ 7; *State v. Sanders*, 10th Dist. No. 14AP-916, 2015-Ohio-2050, ¶ 10.

{¶ 15} Appellee does not contend that she qualifies under R.C. 2953.31(A)(1)(b), but, instead, argues that the merger provisions contained in R.C. 2953.31(A)(1)(b) apply with equal force to the provisions of R.C. 2953.31(A)(1)(a). Applying the second merger provision in R.C. 2953.31(A)(1)(b), appellee argues she has fewer than five felony convictions, which makes her an eligible offender under R.C. 2953.31(A)(1)(a). At the hearing, the trial court made the following findings:

> If you look at 2953.31(A)(1)(b), it says when two or more convictions result from the same indictment, which is what we have here, and result from related criminal acts that were committed within a three-month period but do not result from the same act, they shall be counted as one conviction, provided that a court determines that it's not against the public interest in counting it as one conviction.
>
> So what I did is, I went through the indictment. In case number * * * 91CR-6776, the State counts six convictions. If you look at the indictment, she pled guilty to all six counts.
>
> Count One was May 6th of '91. Count Two, June 11th of '91. Count Three, June 11, '91. Count Four, June 10, '91. Count Five, July 15, '91.
>
> Those all occurred within a three month-period, and some of them involve the same checks. I would count those as one conviction.

If you go to Count Six, it was outside the 90-day period. It's actually, you know, 97 days. That would be a second conviction. There's two convictions, in my mind, as to if I determine it's not against the public interest on that case.

If you go to 90CR-2521, * * * [s]he pled guilty to Counts Two, Three, Six and Nine.

Count Two was March 7th of '88. Count Three was March 19th of '88. Count Six was June 7th of '88. Those are all within the 90-day period. She also pled to Count Nine, which was July 3rd of '88, which would be outside the 90-day period. * * *

As the Court views that, there's two convictions. I would say that would only be four total convictions in applying [R.C.] 2953.31(A)(1)(b), which would make her eligible in my opinion.

(Tr. at 4-6.) Thus, it appears from the trial court's reasoning that it found the second merger provision under R.C. 2953.31(A)(1)(b) applied when counting the number of convictions for purposes of determining whether appellee is an eligible offender under R.C. 2953.31(A)(1)(a).

{¶ 16} In cases of statutory interpretation, "our paramount concern is the legislative intent in enacting the statute." *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, ¶ 21, citing *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, ¶ 12. "In determining this intent, we first review the statutory language, reading words and phrases in context and construing them according to the rules of grammar and common usage." *Id.*, citing *State ex rel. Rose v. Lorain Cty. Bd. of Elections*, 90 Ohio St.3d 229, 231 (2000), and R.C. 1.42. *See Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, ¶ 9, quoting *Black-Clawson Co. v. Evatt*, 139 Ohio St. 100, 104 (1941) (stating that a court, in determining legislative intent, must take care "not to 'pick out one sentence and disassociate it from the context' "). When a statute's meaning is clear and unambiguous, a court must apply the statute as written. *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, ¶ 4; *State v. J.L.S.*, 10th Dist. No. 18AP-125, 2019-Ohio-4173, ¶ 71. However, "when legislative intent is unclear, we invoke statutory-construction principles." *State v. Thomas*, 148 Ohio St.3d 248, 2016-Ohio-5567, ¶ 7, citing *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97 (1991).

{¶ 17} Here, it is unnecessary to resort to rules of statutory construction, as the statute's meaning is clear and unambiguous. R.C. 2953.31(A)(1)(b) states that it applies "to whom division (A)(1)(a) of this section does not apply." Thus, it is clear that the merger provisions in R.C. 2953.31(A)(1)(b) are not meant to be considered for purposes of determining the number of felony convictions under R.C. 2953.31(A)(1)(a). Furthermore, the trial court incorrectly applied the second merger provision in finding that applied to appellee's "two or more convictions." (Tr. at 4.) The second merger provision under R.C. 2953.31(A)(1)(b) applies under certain specified circumstances when the applicant has "two or three convictions," unlike the first merger alternative which allows for "two or more convictions" to merge if they "result from or are connected with the same act or result from offenses committed at the same time." As previously noted, appellee had more than three convictions, and consequently cannot avail herself of the second merger provision under R.C. 2953.31(A)(1)(b).

{¶ 18} Although appellee's convictions all occurred over 27 years ago and the trial court found that appellee presented "the exact kind of case where we should grant an expungement," we are constrained by the statutory text in agreeing with the state that appellee is not an eligible offender under current law. (Tr. at 9.) Therefore, because appellee was not an eligible offender as defined by R.C. 2953.31(A)(1), the trial court erred in granting appellee's application to seal her record of convictions pursuant to R.C. 2953.32. Accordingly, we sustain the state's sole assignment of error.

## IV. Conclusion

{¶ 19} Having sustained the state's single assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas.

*Judgment reversed,*
*and cause remanded.*

LUPER SCHUSTER and NELSON, JJ., concur.