[Cite as *State v. Mirkin*, 2022-Ohio-2229.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

STATE OF OHIO,                          :
                                        :        Case No. 20CA7
        Plaintiff-Appellee,             :
                                        :
        v.                              :        DECISION AND JUDGMENT
                                        :        ENTRY
ADAM MIRKIN,                            :
                                        :        **RELEASED: 06/23/2022**
        Defendant-Appellant.            :

APPEARANCES:

Rhys B. Cartwright-Jones, Youngstown, Ohio for Appellant.

Justin Lovett, Jackson County Prosecuting Attorney, and Rachael E. Daehler, Assistant Jackson County Prosecutor, Jackson, Ohio for Appellee.

Wilkin, J.

{¶1} This is an appeal from a Jackson County Court of Common Pleas judgment that denied appellant, Adam Mirkin's ("Mirkin"), application to seal his criminal record under R.C. 2953.32.  Mirkin asserts a single assignment of error: the trial court erred in denying his record sealing under R.C. 2953.32.  After reviewing the parties' arguments, the applicable law, and the record, we affirm the trial court's judgment denying Mirkin's application.

BACKGROUND

{¶2} In 2005, the state charged Mirkin with importuning under R.C. 2907.07 for using a phone to solicit sex from an individual he thought was a 14-year-old female, but who was in fact a law enforcement officer.  On April 30, 2008, Mirkin ultimately pleaded guilty to unauthorized use of a computer in

violation of R.C. 2913.04, a fifth-degree felony.  The court sentenced him to nine months in prison, and three years of post-release control.  Thereafter, Mirkin was convicted in Athens County for unauthorized use of a computer in 2008 and drug possession in 2011, both felonies of the fourth and fifth degree.

{¶3} On October 28, 2019, Mirkin filed an application to seal his first unauthorized use of computer conviction under R.C. 2953.32, as a "first time offender."[1]  In the application, Mirkin admitted that he had a "misdemeanor record," but had not engaged in any criminal activity since 2014.  Following his last criminal encounter, Mirkin claims to have abstained completely from using drugs or alcohol, and continues to manage his recovery "through a 12-step program."  Attached to Mirkin's application were letters of support indicating that he did complete the 12-step program, and has subsequently served as a sponsor for others with sobriety problems.

{¶4} On January 15, 2020, the trial court held a hearing on Mirkin's application.  Mirkin's attorney admitted that subsequent to the 2008 Jackson County unauthorized use of a computer conviction, Mirkin continued to engage in criminal activity.  However, counsel argued that Mirkin has been "clean from drugs" since 2014, and he is "helping others recover from their drug addiction."

---

[1] Former R.C. 2953.32(A)(1) provided: "Except as provided in section 2953.61 of the Revised Code, a *first offender* may apply * * * for the sealing of the conviction record."(Emphasis added.) However, the version applied to Mirkin provided:  "Except as provided in section 2953.61 of the Revised Code, an *eligible offender* may apply [to have their record sealed]." (Emphasis added.) Therefore, the issue is whether an applicant is an "eligible offender," not whether he or she is a "first offender."

{¶5} The state opposed Mirkin's application to seal his record. The state first argued the mere fact Mirkin pleaded guilty to the lesser charge of unauthorized use of a computer makes no difference because the underlying facts involved his attempt to have sex with a minor, which should prevent him from sealing his record.

{¶6} The state next argued that under R.C. 2953.32(C)(1)(e), the interest of the government in maintaining Mirkin's criminal record outweighs his interest in sealing the record "due to the nature of the allegations." The state relied upon a sexual-offense specific evaluation conducted upon Mirkin in 2007, which noted that "he lacks in sight to his behaviors, he minimizes and justifies his behaviors, however, as with Mr. Mirkin, it is not unusual for sexual offenders to use these defense mechanisms to avoid taking responsibility for their deviant sexual behaviors."

{¶7} On September 24, 2020, the trial court issued a decision and order denying Mirkin's application to seal his record summarily stating that he had two additional felony convictions in 2008 and 2011. It is this judgment that Mirkin appeals, asserting a single assignment of error.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S
RECORD SEALING UNDER R.C. 2953.32

{¶8} Mirkin argues that he was eligible to apply to seal his record because none of his convictions were the ones that prohibited sealing as set out in R.C. 2953.36, and he had no criminal charges pending. Further, Mirkin specifically claims that neither of his subsequent 2008 and 2011 felony convictions

disqualified him from having his criminal record sealed because both were fourth-
or fifth-degree felonies that were nonviolent and nonsexual.

{¶9} Being eligible, Mirkin argues that the trial court was required to
determine whether he had been rehabilitated to its satisfaction.  The court was
further obligated to weigh Mirkin's interest in having his criminal record sealed
against the legitimate needs, if any, of the government to maintain those records.
The court failed to make any such determination at the hearing or in the record.
Therefore, Mirkin asserts that the trial court's decision denying his application to
seal was erroneous and should be overturned.

{¶10} In response, the state agrees that a trial court must consider the
factors in R.C. 2953.32 (C)(1)(a)-(e) in deciding whether to seal an applicant's
criminal record.  The state claims that "[t]he record of the hearing and the trial
court's written decision are both devoid of any mention of the court considering
the statutory factors."  In particular, the state concedes that Mirkin's two
subsequent convictions were fourth or fifth-degree felonies which would not
disqualify him from being eligible to apply to seal his record.  The state did,
however, argue on the record that appellant's 2008 conviction is precluded from
being sealed under 2953.36(A)(6) and that maintaining Mirkin's record
outweighed his interest in sealing it, but the trial court never addressed either
argument.  Therefore, the state requests that the matter be remanded to the trial
court for consideration of these issues.

A. Law

**{¶11}** "R.C. Chapter 2953 * * * allows the *sealing* of certain criminal matters." (Emphasis sic.) *Cap. One Bank, USA, N.A. v. Essex*, 2nd Dist. Montgomery No. 25827, 2014-Ohio-4247, ¶ 10, citing *State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 11-12. Unlike expunging a criminal record, which destroys it, making it permanently irretrievable, sealing one's criminal record makes it " 'accessible only to the * * * court.' " *Id.* at ¶ 11, quoting R.C. 2151.355(B).

### 1. A Trial Court's Undertaking

**{¶12}** R.C. 2953.32(C)(1) in pertinent part provides that the court shall do each of the following:

> (a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. * * *.
> (b) Determine whether criminal proceedings are pending against the applicant;
> (c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
> (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
> (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records;
> (f) If the applicant is an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code, determine whether the offender has been rehabilitated to a satisfactory degree. In making the determination, the court may consider all of the following:
> (i) The age of the offender;
> (ii) The facts and circumstances of the offense;
> (iii) The cessation or continuation of criminal behavior;
> (iv) The education and employment of the offender;
> (v) Any other circumstances that may relate to the offender's rehabilitation.

(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender or the subject of a bail forfeiture, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in division (C)(4), (G), (H), or (I) of this section, shall order all official records of the case that pertain to the conviction or bail forfeiture sealed * * *.

In pertinent part, R.C. 2953.31 (A)(1)(a) defines an eligible offender as

Anyone who has been convicted of one or more offenses in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors * * *.

**{¶13}** " ' Use of the term "shall" in a statute connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary.' " *State v. Noling*, 153 Ohio St. 3d 108, 2018-Ohio-795, 101 N.E.3d 435, ¶ 64, quoting *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 28, quoting *Wilson v. Lawrence*, 150 Ohio St. 3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, ¶ 13.  We find nothing in R.C. 2953.32 that indicates that "shall" should be construed as other than a mandatory obligation.  Therefore, R.C. 2953.32(C) imposes upon a trial court a mandatory obligation to make several determinations and weigh certain factors.

**{¶14}** "In Ohio, the sealing of a record of conviction is a two-step process." *State v. D.M.C.*, 2020-Ohio-3556, 154 N.E.3d 1054, ¶ 7 (10th Dist.). The first step requires a trial court to determine if an applicant is eligible to have their record sealed before the court can exercise its discretion in deciding

whether to grant the application. *State v. Aguirre*, 144 Ohio St. 3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 27. An "eligible offender" includes "[a]nyone who has been convicted of one or more offenses in this state or any other jurisdiction if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense[.]" R.C. 2953.31 (A)(1)(a). If the applicant is not eligible, the court lacks jurisdiction to grant the application. *State v. Helfrich*, 2018-Ohio-638, 107 N.E.3d 695, ¶ 29 (3d Dist.); *State v. Dominy*, 10th Dist. Franklin No. 13AP-124, 2013-Ohio-3744, ¶ 6, citing *State v. T.M.R.*, 10th Dist. Franklin No. 19AP-434, 2020-Ohio-3555, ¶ 8.

**{¶15}** If the court determines that an applicant is eligible as required by R.C. 2953.32(C)(1)(a), the second step requires a court to (1) "[d]etermine whether criminal proceedings are pending against the applicant" (2) "determine whether the applicant has been rehabilitated to the satisfaction of the court,"[2] (3) "consider the reasons against granting the application specified by the prosecutor," and (4) "weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.32(C)(1)(b)-(e).

> If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender or the subject of a bail forfeiture, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs

---

[2] The court "may consider" certain factors to "determine whether the offender has been rehabilitated to a satisfactory degree."

to maintain those records, and that the rehabilitation of an applicant * * * has been attained to the satisfaction of the court, the court, except as provided in division (C)(4), (G), (H), or (I) of this section, shall order all official records of the case that pertain to the conviction or bail forfeiture sealed[.]

R.C. 2953.32(C)(2).

{¶16} "The requirements of [R.C. 2953.32(C)(2)] are conjunctive in nature" because all of them need "to be present before a trial court may grant relief[.]" *Hardy v. Wilson*, 9th Dist. Lorain No. 5CA008815, 2006-Ohio-4532, ¶ 17. Consequently, "[R.C. 2953.32(C)(2)] is not fulfilled if any *one* of the requirements is not met." (Emphasis added.) *Whited v. Whited*, 4th Dist. Washington No. 19CA26, 2020-Ohio-5067, ¶ 10; *see also Judy v. Ohio Bur. of Motor Vehicles*, 100 Ohio St. 3d 122, 2003-Ohio-527, 797 N.E.2d 45, ¶ 14, opinion modified on other grounds, 100 Ohio St. 3d 1536, 2003-Ohio-6611, 800 N.E.2d 369 ¶ 14. ("The use of the conjunctive "and" between each of these requirements indicates that the financial responsibility and reinstatement-fee provisions did not become operative until *all* of the requirements in the general provision had been satisfied." [emphasis sic.]).

2. An Appellate Court's Review

{¶17} Whether an applicant is eligible is a matter of law that we review de novo. *State v. J.M.*, 148 Ohio St. 3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 9; *State v. Clark,* 4th Dist. Athens No. 11CA8, 2011-Ohio-6354, ¶ 11 (construing former R.C. 2953.31(A). A de novo review means we afford no "deference to the trial court's" decision. *State v. Mills*, 4th Dist. Ross No. 10CA3144, 2011-Ohio-377, ¶ 6. If the trial court finds that the applicant was not eligible, and after

applying a de novo review we find the court did not err in making that finding, we must affirm its judgment denying/dismissing the application. *Helfrich*, 2018-Ohio-638, 107 N.E.3d 695, ¶ 29 (3d Dist.) (a court lacks jurisdiction to grant the application of an ineligible offender); *Dominy,* 10th Dist. Franklin No. 13AP-124, 2013-Ohio-3744, ¶ 6.

{¶18} However, if the trial court determines that the applicant is eligible, we must then consider whether the court abused its discretion in granting or denying the application in considering the factors in R.C. 2953.32(C)(1)(b)-(e). *State v. D.D.F.*, 10th Dist. Franklin No. 20AP-10, 2020-Ohio-4663, ¶ 7, citing *State v. Paige*, 10th Dist. Franklin No. 15AP-510, 2015-Ohio-4876, ¶ 5. "Abuse of discretion means an unreasonable, arbitrary, or unconscionable use of discretion, or a view or action that no conscientious judge could honestly have taken." *Whitesed v. Huddleston*, 2021-Ohio-2400, 175 N.E.3d 930, ¶ 27 (4th Dist.), citing *Eichenlaub v. Eichenlaub*, 2018-Ohio-4060, 120 N.E.3d 380, ¶ 11 (4th Dist.). The Supreme Court of Ohio has also commented that an abuse of its discretion means that "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.,* 75 Ohio St. 3d 254, 256, 1996-Ohio-159, 662 N.E.2d 1, citing *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984). An abuse of discretion is apparent where the trial court's decision does not reveal a " 'sound reasoning process.' " *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14,

quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶19}** Finally, "[a]lthough a court generally speaks only through its journal entries, the reviewing court must examine the entire entry and proceedings when it is in the interest of justice to ascertain the grounds upon which a judgment is rendered." *Wootten v. Culp*, 2017-Ohio-665, 85 N.E.3d 198, ¶ 34 (4th Dist.), citing *State v. Nguyen*, 4th Dist. Athens No. 14CA42, 2015-Ohio-4414, ¶ 28, citing *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 551 N.E.2d 172 (1990), paragraph one of the syllabus.

## B. Analysis

**{¶20}** With these legal principles in mind, we begin our analysis. During appellant's hearing regarding Mirkin's motion to seal his record, the trial court stated:

> My concern is subsequent to this conviction there continues to be um criminal activity uh looks like Athens, in 08, there's an initial charge of pandering obscenity plead down to misuse of a computer uh . . . but it looks like there was a twelve (12) month confinement in prison and then in 2011, there's a felony possession of drugs.

These convictions were confirmed by Mirkin's counsel. After the hearing, the trial court took the matter under advisement and subsequently issued an entry that stated:

> This matter came before the Court on Defendant's Motion to Seal his criminal record. Present before the Court were Prosecuting Attorney Lovett, Attorney Cartwright-Jones and his client the Defendant.
> The Court finds that subsequent to the Defendant's conviction in this case he was convicted for two other felony offenses in 2008 and 2011. These offenses involved convictions

for misuse of computer and possession of drugs. The Court denies Defendant's motion.

**{¶21}** The trial court's judgment entry and the record in this case are succinct, almost to a fault. "It is a basic principle of our legal system that a trial court's decision must not be arbitrary and cannot be based on considerations wholly unrelated to the decision it is tasked with making." *State v. Taylor*, 161 Ohio St. 3d 319, 2020-Ohio-3514, 163 N.E.3d 486. And "[w]hile [R.C. 2953.32] does not require a trial court to make findings of fact or conclusions of law, [courts] have held that in applying R.C. 2953.52, the trial court, at a minimum, should indicate on the record that [it] *considered* the requisite statutory factors before denying an offender's motion." (Emphasis added.) *Fairfield v. Long*, 12th Dist. Butler Nos. CA2014-08-176 and CA2014-09-188, 2015-Ohio-821, ¶ 9, citing *State v. Orth,* 12th Dist. Clermont No. CA93–03–020, 1993 WL 534675 (Dec. 27, 1993).

**{¶22}** Although we would urge the trial court to more clearly set forth its analysis going forward so we can be confident in undertaking a meaningful review, here we believe that we are able to discern the court's rationale for its decision after reviewing its entry and examining the record.

**{¶23}** The state admitted that Mirkin was an eligible offender. Further, the court's entry does not mention that it lacked jurisdiction to consider Mirkin's application, but moved on to the second prong of the test as evidenced by the court's consideration of his subsequent convictions. Therefore, we conclude that the trial court found that Mirkin was an eligible offender. However, the court's eligibility determination is subject to our de novo review.

**{¶24}** At the hearing, the state informed the trial court that the conviction Mirkin was seeking to have sealed was the unauthorized use of a computer, a fifth-degree felony. Furthermore, in the state's brief filed with this Court, the state asserts that Mirkin's two "subsequent low level felony convictions do not automatically render an applicant an ineligible offender," which made Mirkin an eligible offender under R.C. 2953.31 (A)(1)(a). Therefore, based on our de novo review, we find that the trial court did not err in concluding that Mirkin was an eligible offender.

**{¶25}** With regard to step two of the test, the court's entry denying Mirkin's application mentions Mirkin's subsequent 2008 and 2011 convictions. Furthermore, during Mirkin's hearing, the trial court commented that it had "concern" that "there *continues to be* * * * *criminal activity*," and then recounted Mirkin's two subsequent criminal convictions.[3] (Emphasis added.) This leads us to find that the trial court properly considered the rehabilitation of Mirkin as required under R.C. 2953.32(C)(1)(c) and, in exercising its discretion, concluded he had not been rehabilitated because of his subsequent convictions. Based on those same convictions, the court may have also concluded that a legitimate governmental need to maintain Mirkin's record outweighed Mirkin's interest in sealing it under R.C. 2953.31(C)(1)(e). Either of these determinations alone is sufficient to support the trial court's denial of Mirkin's application because it is only upon a court's finding of *all* the factors in R.C. 2953.32 in favor of the applicant, that the court "shall order" the records sealed. R.C. 2953.32(C)(2),

---

[3] One of these convictions was for misuse of a computer, which is the same offense that Mirkin is seeking to have sealed herein.

see also *Whited*, 4th Dist. Washington No. 19CA26, 2020-Ohio-5067, at ¶ 10

(When legal requirements are stated in the conjunctive, "the test is not fulfilled if

any one of the requirements is not met.").

CONCLUSION

{¶26} We find that the trial court engaged in a "sound reasoning process"

in denying Mirkin's application by considering the factors set out in R.C.

2953.32(C)(2), and finding that Mirkin was not rehabilitated to the court's

satisfaction and/or the government's need to maintain Mirkin's record outweighed

his interest in having it sealed.  *Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, 972

N.E.2d 528, at ¶ 14 (A decision supported by a sound reasoning process is not

an abuse of discretion). Therefore, the trial court did not abuse its discretion in

denying Mirkin's application to seal his record.  Accordingly, we affirm the trial

court's judgment entry.


**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and the appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**