[Cite as *Dunford v. Dunford*, 2014-Ohio-617.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

MARTIN EDWARD DUNFORD,          :          Case No. 13CA7

    Petitioner-Respondent/Appellee,   :

                                           DECISION AND
    v.                                                 :          <u>JUDGMENT ENTRY</u>

CYNTHIA ALEASE DUNFORD,           :          **RELEASED: 02/14/14**

    Petitioner-Movant/Appellant.      :

<u>APPEARANCES</u>:

J. Roger Smith, II, Law Offices of J. Roger Smith, II, Huntington, West Virginia, for appellant.

William N. Eachus, Eachus & Finley, Gallipolis, Ohio, for appellee.

Harsha, J.

{¶1}   Nearly five years after her dissolution became final, Cynthia Alease Dunford filed a motion to modify the support award based upon emotional problems and mental difficulties she purportedly experienced when she agreed to terminate her marriage with her former husband, Martin Edward Dunford.  After Ms. Dunford provided testimony that Mr. Dunford's attorney had threatened her with jail if she did not sign the dissolution papers, the court treated her motion as a Civ.R. 60(B) motion for relief from judgment and subsequently denied it.

{¶2}   Ms. Dunford claims that the trial court erred in denying her motion because the evidence was uncontroverted that Mr. Dunford's attorney committed a fraud upon the court by threatening her with jail if she did not agree to the parties' dissolution of marriage.  However, even a Civ.R. 60(B)(5) motion for relief from judgment premised upon fraud on the court must be filed within a reasonable time.  The trial court did not abuse its broad discretion in determining that Ms. Dunford's nearly

five-year delay in seeking to modify the spousal support award was unreasonable. The record reveals that although Ms. Dunford has some problems with comprehension, she is not and never has been placed under a guardian or representative payee; she was not under any disability when she agreed to the dissolution; she was awarded SSI benefits retroactive to a date after the dissolution; her father told her soon after the dissolution she should seek relief but she chose not to do so; and she waited until after the spousal support award terminated and she had ended all attempts at reconciliation before filing the motion. Therefore, we overrule her assignment of error and affirm the judgment of the trial court.

## I. FACTS

{¶3} The parties were married for approximately 30 years and had one child, who is emancipated. In November 2006, the parties entered into a separation agreement in which they agreed that Mr. Dunford would be the residential parent of the child, Ms. Dunford would pay him $110.12 per month in child support, and Mr. Dunford would pay her spousal support of $500 per month for 36 months. In December 2006, the parties filed a petition for the dissolution of their marriage. During the negotiation of the parties' settlement agreement and the dissolution proceeding, Mr. Dunford was represented by attorney James A. Pierce; Ms. Dunford chose not to be represented by counsel. She signed an acknowledgement of Pierce's representation of Mr. Dunford and waived any attorney-client privilege she had in the matter. In February 2007, the trial court entered a final dissolution decree, which incorporated the terms of the parties' separation agreement. The trial court did not reserve jurisdiction to modify the spousal support award.

{¶4}   Nearly five years later, in November 2011, Ms. Dunford filed a motion through counsel to modify the child support and spousal support provisions of the dissolution decree.  Ms. Dunford claimed that when she signed the separation agreement, Mr. Dunford knew that she was experiencing "extreme emotional problems and mental difficulties," which resulted in her being awarded supplemental security income ("SSI") benefits shortly after the dissolution.  Ms. Dunford contended that she should have received an award of permanent alimony.  Mr. Dunford filed a motion to "dismiss" Ms. Dunford's motion.

{¶5}   At the initial hearing on Ms. Dunford's motion she testified that Mr. Dunford's attorney, Pierce, had threatened her with jail if she did not sign the dissolution papers.  The magistrate then determined that Pierce was a necessary witness and permitted him to withdraw as Mr. Dunford's counsel.  Mr. Dunford then obtained new counsel, and a new hearing on the motion occurred.

{¶6}   At that hearing Ms. Dunford and her father testified she had only a seventh-grade education and she had problems comprehending things, which eventually led to her award of SSI benefits.  Nevertheless, she admitted that she signed all of the dissolution papers, including the petition.  She further admitted that in the parties' petition, she represented to the trial court that she "was not under any disability" and that at that time, she was not.  She also conceded that her SSI benefits were awarded for a disability retroactive to August 2007, i.e., after the parties' dissolution decree was entered.  Ms. Dunford and her father acknowledged that no guardian or representative payee had ever been sought or appointed for her either at the time of the dissolution or thereafter.

{¶7}    According to the evidence submitted on the motion, Ms. Dunford had refused to sign anything at initial hearing on the petition for dissolution because she did not want her marriage to end.  She testified that at a second hearing Mr. Dunford's counsel, Pierce, threatened that if she did not sign the papers, she would be jailed.  Her father's testimony corroborated the account of this threat based on a telephone call from Mr. Dunford following the parties' dissolution.  Ms. Dunford claimed that she agreed to the dissolution based on the attorney's threat.

{¶8}    Shortly after the dissolution, Ms. Dunford's father advised her that the dissolution was improper because it was based on the threat and that they should get an attorney and go back to court to rectify the situation.  Nevertheless, Ms. Dunford instead chose to attempt to reconcile with Mr. Dunford, and she moved back to the former marital home.  The parties lived together until February 2011; Ms. Dunford filed her motion for a modification of spousal support about nine months later that year.

{¶9}    The trial court magistrate issued a decision recommending treating her motion to modify as a Civ.R. 60(B) motion for relief from judgment and denying the motion.  The decision indicated Ms. Dunford did not persuasively establish that she had a meritorious defense or claim to present if relief from judgment were granted and she did not file the motion within a reasonable time.  The trial court denied her objections to the magistrate's decision on the issue of spousal support[1] and entered a judgment denying her motion.

## II. ASSIGNMENT OF ERROR

---

[1] The trial court sustained Ms. Dunford's objections addressing her claims concerning child support because Mr. Dunford waived the $5,363.85 in child support owed to him as long as her claim for a modification of the spousal support award did not succeed.  That portion of the trial court's judgment is not the subject of this appeal.

**{¶10}** Ms. Dunford assigns the following error for our review:

The Trial Court committed an abuse of discretion and reversible error in its decision to deny Appellant's underlying Motion, as it pertains to the modification of spousal support and/or relief from judgment, as the Court allowed the Appellant to proceed in this matter under Rule 60(B) of the Ohio Rules of Civil Procedure and the applicable provisions of Rule 60(B)(5) allow a party to move for relief from judgment upon a showing of fraud upon the Court, which was done in the case at hand through the uncontroverted testimony and evidence presented by the Appellant.

## III. STANDARD OF REVIEW

**{¶11}** The standard of review for a Civ.R. 60(B) determination is whether the trial court abused its discretion. *State ex rel. Albourque v. Terry*, 128 Ohio St.3d 505, 2011-Ohio-1913, 947 N.E.2d 169, ¶ 3; *Eubank v. Anderson*, 119 Ohio St.3d 349, 2008-Ohio-4477, 894 N.E.2d 48, ¶ 4. Under this highly deferential standard the scope of our review is limited to determining whether the trial court acted unreasonably, arbitrarily, or unconscionably; in doing so, we may not simply substitute our judgment for that of the trial court. *See generally Young v. Young*, 4th Dist. Lawrence No. 11CA19, 2012-Ohio-3480, ¶ 7.

## IV. LAW AND ANALYSIS

No Abuse of Discretion in Denying the Motion

**{¶12}** As the trial court acknowledged here, in general "[a] trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change in circumstances was not contemplated at the time of the original decree." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, paragraph two of the syllabus. Because the separation agreement incorporated into the parties'

dissolution decree did not expressly reserve jurisdiction to modify the spousal support, the trial court lacked jurisdiction to do so. R.C. 3105.18(E)(2); *Vetter v. Vetter*, 4th Dist. Scioto No. 94CA2209, 1994 WL 483501, *2 (Sept. 7, 1994).

**{¶13}** Nevertheless, "[n]othing within Civ.R. 60(B) precludes its application to dissolution decrees." *See In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998). A trial court possesses discretion to treat a motion to modify support as a Civ.R. 60(B) motion for relief from judgment and to vacate an original support order based on fraud, even though the movant did not file a motion under Civ.R. 60(B). *See, e.g., Hyder v. Hyder*, 4th Dist. Lawrence No. 01CA3, 2001 WL 844760 (Jul. 12, 2001). Here the trial court exercised its discretion to do so, and neither party asserts that it erred in doing that. Therefore, we proceed to analyze Ms. Dunford's motion under the requirements of Civ.R. 60(B).

**{¶14}** To prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must establish that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time; where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Indus.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus; *PHH Mortgage Corp. v. Northrup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶ 13. If the movant fails to meet any of the three requirements, the trial court should deny the motion. *Id.*, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶15} Ms. Dunford asserts that the trial court abused its discretion in denying her motion because the evidence was uncontroverted that she is entitled to relief pursuant to Civ.R. 60(B)(5), which authorizes relief from judgment for "any other reason." Civ.R. 60(B)(5) reflects the inherent power of the court to relieve a person from the unjust operation of a judgment, but the grounds for invoking it should be substantial. *PHH Mortgage* at ¶ 24, citing *State ex rel. Gyurcsik v. Angelotta*, 50 Ohio St.3d 345, 346, 364 N.E.2d 284 (1977), and *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph two of the syllabus.

{¶16} More specifically, she claims that the evidence proved that the dissolution decree should be set aside because of a fraud upon the trial court. "Pursuant to Civ.R. 60(B)(5), a court in appropriate circumstances may vacate a judgment vitiated by a fraud upon the court." *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983), paragraph one of the syllabus. "Where an officer of the court, e.g., an attorney, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment." *Id.* at 15. This type of fraud is distinguishable from fraud committed by an adverse party under Civ.R. 60(B)(3), which is subject to the one-year time limit applied and Civ.R. 60(B)(1)-(3). *See Still v. Still*, 4th Dist. Gallia No. 95CA15, 1996 WL 362259 (Jun. 25, 1996); 2 Klein, Darling, and Terez, 2 *Baldwin's Ohio Civil Practice*, Section 60:50 (2013).

{¶17} Notwithstanding the trial court's conclusion, the uncontroverted evidence as presented by the sworn testimony of Ms. Dunford and her father was that Ms. Dunford only agreed to sign the dissolution papers because of a threat by Mr. Dunford's former attorney that she would be jailed if she did not. Although Mr. Dunford's new

counsel could have called attorney Pierce or Mr. Dunford to rebut this testimony, he did not do so. Dissolution is a creature of statute based on the parties' consent, and if that consent did not exist because of fraud or material misrepresentation, the lack of mutuality undermines the integrity of the dissolution proceeding and may constitute sufficient grounds to set aside the decree under Civ.R. 60(B). *Whitman*, 81 Ohio St.3d at 241, 690 N.E.2d 535. Given the undisputed testimony concerning the attorney's threat, Ms. Dunford arguably established that she has a meritorious claim or defense to present if relief from the decree is granted and that she is entitled to relief under Civ.R. 60(B)(5). However, we recognize that the trier of fact is the ultimate judge of credibility and is free to believe all, some, or none the testimony of any witnesses. *See Nolen v. Rase*, 4th Dist. Scioto No. 13CA3536, 2013-Ohio-5680, ¶ 13.

**{¶18}** Insofar as Ms. Dunford additionally claims that evidence of her mental difficulties with comprehension also support relief under Civ.R. 60(B), the evidence is not undisputed on this point. On cross-examination, Ms. Dunford admitted that she signed the petition for dissolution, which contained a statement that she was not under any disability, and more significantly, that she was, in fact, not under any disability at the time. She has not been placed under any guardianship for her purported difficulties, and she did not present any expert medical evidence indicating that she was incompetent to understand and sign the dissolution papers. *See Thomas v. Thomas*, 7th Dist. Mahoning No. 07MA140, 2008-Ohio-6209, ¶ 18, 22 (affirming denial of Civ.R. 60(B) motion for relief from dissolution decree premised on alleged misconduct of husband taking advantage of wife's weakened mental condition to sign separation agreement because, in part, wife failed to present any expert evidence regarding her

mental state or condition).  Because there is some evidence to support the trial court's decision on this point, we cannot second-guess that court on the lack of merit of Ms. Dunford's mental-health claim.  *ATI Performance Products, Inc. v. Stevens*, 4th Dist. Hocking No. 12CA6, 2013-Ohio-1313, ¶ 7 ("When a trial court judge serves as the trier of fact on a Civ.R. 60(B) motion, appellate courts apply those standards that are typically applied in any other challenge to factual findings in a civil case").

**{¶19}**  Nevertheless, as noted previously, Ms. Dunford did raise a potentially viable claim of fraud on the court under Civ.R. 60(B)(5) based on a threat by Mr. Dunford's attorney that she would be jailed if she did not sign the dissolution papers.

**{¶20}**  The trial court additionally determined, however, that Ms. Dunford's motion failed because she did not make it within a reasonable time.  Although a Civ.R. 60(B)(5) motion for relief from judgment is not subject to the one-year limitation of Civ.R. 60(B)(1)-(3), it still must be filed within a "reasonable time."  *GTE*, 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus; *Simmons v. Simmons*, 8th Dist. No. 97975, 2012-Ohio-4164, ¶ 8.  The determination of what constitutes a reasonable time is within the sound discretion of the trial court, and even though courts have at times granted relief after lengthy delays, it is usually done under unique circumstances.  *See, e.g., S.R. v. B.B.*, 6th Dist. Lucas No. L-09-1293, 2011-Ohio-358, ¶ 29, and cases cited there.

**{¶21}**  The trial court did not act in an unreasonable, arbitrary, or capricious manner in determining that Ms. Dunford failed to raise her claim of fraud within a reasonable time. She contends the threat of jail was made to compel her to agree to the dissolution, which was finalized in February 2007.  It was not until November 2011,

nearly five years after the decree was entered, that Ms. Dunford filed her motion for relief from judgment. Her father testified that shortly after the decree was entered and he learned about the attorney's threat, he advised her that they could hire an attorney and correct the problem, but his advice went unheeded—not because of any continued fear of jail from the alleged threat by counsel—but because she had decided to move back into the marital home to attempt a reconciliation. These facts distinguish this case from cases like *Klingman v. Klingman*, 6th Dist. Ottawa No. OT-84-12, 1984 WL 14432 (Nov. 30, 1984). There the appellate court affirmed a trial court's grant of a Civ.R. 60(B)(5) motion for relief from a dissolution decree and determined that five years for a wife to file the motion was a reasonable time because she was repeatedly beaten and threatened by her husband even after the parties reconciled.

{¶22} Ms. Dunford claims that the delay was justified because "it is illogical and would make no sense" for her to have sought relief from judgment while the parties were cohabiting after the dissolution. However, she cites no case for the proposition that an attempted reconciliation *always* insulates a party's delay in filing a Civ.R. 60(B) motion, particularly where the claim of fraud on the court is restricted to a solitary purported threat that she either knew or should have known was false when her father talked with her shortly after the dissolution. *Compare Birr v. Birr*, 6th Dist. Fulton No. F-10-021, 2012-Ohio-187, ¶ 32 (parties' reconciliation did not provide basis for relief from separation agreement incorporated into divorce decree). Instead, she waited until after the three-year period of spousal support provided in the dissolution decree expired in November 2010 and another nine months after she left Mr. Dunford's residence in February 2011 to file her untimely motion. At that point, the trial court could reasonably

conclude her belated decision to attack the dissolution decree was little more than a "change of heart," which is insufficient to set aside a dissolution decree. *See Jones v. Jones*, 4th Dist. Meigs No. 09CA11, 2010-Ohio-2235, ¶ 14; *see also Taaffe v. Taaffe*, 11th Dist. Trumbull No. 96-T-5616, 1997 WL 799501, *6 (Dec. 26, 1997) (Civ.R. 60(B)(5) motion for relief from dissolution decree based on fraud upon the court was not filed within a reasonable time when it was filed more than seven years after the decree). Accordingly, the trial court did not abuse its discretion in denying Ms. Dunford's motion to modify the spousal support award. We overrule her sole assignment of error.

## V. CONCLUSION

{¶23} Having overruled the assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
         William H. Harsha, Judge



## NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**