[Cite as *State v. Q.M.E.*, 2022-Ohio-1745.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30146 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| Q.M.E. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CR 97 12 2879 |

DECISION AND JOURNAL ENTRY

Dated: May 25, 2022

HENSAL, Presiding Judge.

{¶1} The State of Ohio appeals a judgment of the Summit County Court of Common Pleas that granted Q.M.E.'s application for sealing of her conviction. For the following reasons, this Court reverses.

I.

{¶2} In 1997, the Grand Jury indicted Q.M.E. on one count of child endangering and one count of domestic violence. She pleaded guilty to an amended count of child endangering and was sentenced to two years of community control.

{¶3} In 2021, Q.M.E. applied to seal her conviction under Revised Code Section 2953.32. Following a hearing, the trial court granted the application over the State's objection. The State has appealed, arguing that Q.M.E. was not eligible to have her conviction sealed.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT LACKED JURISDICTION TO SEAL DEFENDANT'S RECORD OF CONVICTION BECAUSE SHE FAILED TO MEET THE DEFINITION OF "ELIGIBLE OFFENDER."

{¶4} The State argues that the trial court was not authorized to seal Q.M.E.'s record because she does not qualify as an eligible offender. "Depending on the dispute in question, this Court will apply either a de novo standard of review or an abuse of discretion standard of review in appeals from * * * an application to seal a record of conviction." *State v. Calderon*, 9th Dist. Medina No. 09CA0088-M, 2010-Ohio-2807, ¶ 6. "If 'the matter in dispute is purely a question of law,' then a de novo standard applies." *Id.*, quoting *State v. Campbell*, 9th Dist. Summit No. 24919, 2010-Ohio-128, ¶ 5. "If the matter in dispute concerns the court's discretion, such as its conclusion that the evidence does not weigh in favor of expungement, then an abuse of discretion standard applies." *Id.*

{¶5} Under Section 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction, except for convictions listed under section 2953.36 of the Revised Code." In relevant part, an "[e]ligible offender" is "[a]nyone who has been convicted of one or more offenses in this state * * *, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense * * * *." R.C. 2953.31(A)(1)(a).

{¶6} The State argues that Q.M.E. does not qualify as an eligible offender because her conviction was for child endangering under Section 2919.22(B)(3), which is an offense of violence under Section 2901.01(A)(9)(a). Q.M.E. argues that, although she was initially charged with a violation of Section 2919.22(B)(3), the judgment entry of conviction indicates that she pleaded

guilty to an amended indictment and only provides that it is to a charge of child endangering that is a felony of the fourth degree. Q.M.E. also argues that none of the child endangering offenses that were felonies of the fourth degree at the time of her plea fall within the definition of an offense of violence.

{¶7} Section 2901.01(A)(9)(a) provides that an offense of violence includes a violation of "division (B)(1), (2), (3), or (4) of section 2919.22[.]" At the time of Q.M.E.'s offense, a violation of Section 2919.22(B)(1) was a misdemeanor of the first degree unless the offender had a previous conviction under the section, in which case it was a felony of the fourth degree or if the offense resulted in serious physical harm, in which case it was a felony of the second degree. R.C. 2919.22(E)(2). A violation of subsections (B)(2), (3), or (4) were felonies of the third degree unless the offender had a prior conviction or caused serious physical harm, in which case it was a felony of the second degree. R.C. 2919.22(E)(3). A violation of Section 2919.22 could also qualify as a felony of the fourth degree if the offense was under Section 2919.22(C), it resulted in serious physical harm to the child, and the offender had a prior conviction under Section 2919.22(C) or certain other offenses. R.C. 2919.22(E)(5).

{¶8} As Q.M.E. notes, there is no evidence in the record that she had a prior conviction under Section 2919.22(B)(1) so her conviction could not have been under that subsection. It also could not have been under subsections (B)(2), (3), or (4), otherwise it would have been at least a felony of the third degree. As those are the only violations under Section 2919.22 that are offenses of violence and the record does not establish that Q.M.E. was convicted of any of them, we conclude that Q.M.E. is not disqualified from being an eligible offender because she was convicted of an offense of violence.

{¶9} The State next argues that Q.M.E. could not have her record sealed because the victim of the offense was less than 16 years old. As previously noted, Section 2953.32(A)(1) provides that, even if someone is an eligible offender, they may not apply for sealing of "convictions listed under section 2953.36[.]" One of the categories excluded by Section 2953.36 are "[c]onvictions of an offense in circumstances in which the victim of the offense was less than sixteen years of age when the offense is a misdemeanor of the first degree or a felony[.]" R.C. 2953.36(A)(7).

{¶10} Q.M.E. argues that there is no evidence in the record that the victim of her offense was under the age of 16. At the hearing on Q.M.E.'s application, however, the trial court asked her whether the child that was involved in the matter was now a grownup. In response, Q.M.E. replied that he was going on 30 years old. The hearing occurred in 2021 and the offense occurred in 1997, meaning that a person who was almost 30 at the time of the hearing was around 5 or 6 years old at the time of the offense.

{¶11} Q.M.E. argues that it is not clear that the child she referenced at the hearing is the person who was the victim of her offense, but we disagree. The trial court specifically inquired about the child involved in the matter, referring to Q.M.E.'s conviction for child endangerment. The court also asked whether Q.M.E. currently had a relationship with that person and Q.M.E. replied that she did. Upon review of the record, there is no ambiguity that Q.M.E. was referring to the child who was the victim of her offense.

{¶12} Q.M.E. also argues that the trial court had authority to seal her conviction outside of the statutory scheme. Q.M.E. did not argue to the trial court that it had inherent authority to seal her conviction and the trial court's decision only addresses whether her conviction should be sealed under Sections 2953.31 to 2953.61. Accordingly, we will not consider Q.M.E.'s argument.

*See State v. Williamson*, 9th Dist. Summit No. 29935, 2022-Ohio-185, ¶ 31 ("[T]his Court will not address arguments for the first time on appeal."). Upon review of the record, we conclude that the trial court incorrectly granted Q.M.E.'s application for sealing of her record because her child-endangering conviction is precluded from being sealed under Section 2953.36. The State's assignment of error is sustained.

### III.

**{¶13}** The State's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOHN P. STILES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.