**[Cite as *State v. Cline*, 2025-Ohio-2504.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     31262 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GLENN RYAN CLINE, II | | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     04CRB01538 |

## DECISION AND JOURNAL ENTRY

Dated: July 16, 2025

STEVENSON, Presiding Judge.

**{¶1}** Appellant Glenn R. Cline II appeals from the judgment of the Barberton Municipal Court denying his application for expungement of record of conviction. We affirm.

I.

**{¶2}** In the matter on appeal, Mr. Cline was convicted of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree, in September 2004. He also had separate convictions in the trial court on other offenses from different dates. He applied for expungement of record of multiple convictions in June 2024. The trial court held an oral hearing on the application, after which it denied in part and granted Mr. Cline's application in part. The trial court granted the application as it pertained to separate misdemeanor convictions in 2000 and 2006 but denied the application as it pertained to Mr. Cline's 2004 misdemeanor assault conviction. Mr. Cline appeals the trial court's judgment denying his application for expungement of the 2004 conviction, asserting one assignment of error for our review.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT GLENN CLINE II'S EXPUNGEMENT APPLICATION.[]**

{¶3} Mr. Cline argues in his sole assignment of error that the trial court abused its discretion when it denied his application for expungement. We disagree.

### Standard of Review

{¶4} This Court has recognized that, "'[d]epending on the dispute in question, [it] will apply either a de novo standard of review or an abuse of discretion standard of review in appeals from . . . an application to seal a record of conviction.'" *State v. Q.M.E.*, 2022-Ohio-1745, ¶ 4, quoting *State v. Calderon*, 2010-Ohio-2807, ¶ 6 (9th Dist.). A de novo standard applies "[i]f 'the matter in dispute is purely a question of law[.]'" *Q.M.E.* at ¶ 4, quoting *Calderon* at ¶ 6, quoting *State v. Campbell,* 2010-Ohio-128, ¶ 5 (9th Dist.). An abuse of discretion standard applies when "'the matter in dispute concerns the court's discretion, such as its conclusion that the evidence does not weigh in favor of expungement[.]'" *Q.M.E.* at ¶ 4, quoting *Calderon* at ¶ 6. The dispute in this case concerns the trial court's discretion and its conclusion that Mr. Cline is not entitled to an expungement. As such, an abuse of discretion standard applies. *Id.*

{¶5} An abuse of discretion is something more than an error of law or in the exercise of judgment; "it implies that the court's *attitude* is unreasonable, arbitrary or unconscionable." (Emphasis added.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶6} Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 2022-Ohio-4371, ¶ 24.

## Analysis

**{¶7}** Mr. Cline argues that the trial court erred when it relied on the victim's statements and when it failed to balance his interests in having the conviction expunged against the City's interest in maintaining the records. The City argues that it is within the trial court's discretion to deny an expungement when it finds that a defendant has not been rehabilitated to the court's satisfaction. The City additionally maintains that Mr. Cline failed to satisfy his burden of demonstrating legitimate reasons as to why the 2004 conviction should be expunged.

**{¶8}** Mr. Cline filed an application for expungement pursuant to R.C. 2953.32(B)(1) which provides that "an eligible offender may apply to the sentencing court . . . for the sealing or expungement of the record of the case that pertains to the conviction, except for convictions listed in division (A)(1) of this section." The 2004 conviction is not one of the exceptions listed in R.C. 2953.32(A)(1) and there is no dispute Mr. Cline was eligible to apply for an expungement. The trial court held a hearing on Mr. Cline's application in accordance with R.C. 2953.32(C).

**{¶9}** R.C. 2953.32(D)(1) sets forth the factors the court must consider at the expungement hearing. It states:

> (D)(1) At the hearing held under division (C) of this section, the court shall do each of the following:

(a) Determine whether the applicant is pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case, and determine whether the application was made at the time specified in division (B)(1)(a) or (b) or division (B)(2)(a) or (b) of this section that is applicable with respect to the application and the subject offense;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable;

(h) If the applicant was an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code as it existed prior to the effective date of this amendment, determine whether the offender has been rehabilitated to a satisfactory degree. In making the determination, the court may consider all of the following:

(i) The age of the offender;

(ii) The facts and circumstances of the offense;

(iii) The cessation or continuation of criminal behavior;

(iv) The education and employment of the offender;

(v) Any other circumstances that may relate to the offender's rehabilitation.

R.C. 2953.32(D)(1).

{¶10} R.C. 2953.32(D)(2) sets forth the determinations a court is required to make when issuing its decision on an expungement request. A court may grant an application for expungement if it determines, in relevant part, "that the rehabilitation of the applicant has been attained to the satisfaction of the court, . . . ." *Id.*

{¶11} "'[E]xpungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). A trial court shall grant an expungement only to an applicant who meets all requirements for eligibility. *Simon* at 533.

{¶12} This Court has long recognized that "[n]othing in R.C. 2953.32 or in the Rules of Criminal Procedure indicates that the defendant has a right to findings of fact and conclusions of law in an expungement proceeding." *State v. Merlo*, 1983 WL 4066, *2 (9th Dist. Apr. 20, 1983). *Accord Fairfield v. Long*, 2015-Ohio-821, ¶ 9 (12th Dist.); *State v. Mikin*, 2022-Ohio-2229, ¶ 21 (4th Dist.). While we would urge a trial court to clearly set forth its analysis of the required statutory findings in its judgment entry so we can be confident in undertaking a meaningful review, here we find that we are able to discern the court's rationale for its decision after reviewing its entry and examining the record.

{¶13} The record includes a transcript of the oral hearing that was held on Mr. Cline's application for expungement. Mr. Cline spoke at the oral hearing and talked about how he has changed his life since 2004. He apologized for his wrongdoing and informed the court that he wanted to help others so that they did not make the same mistakes he had made when he was younger. The court noted that the victim was present and testified at a prior hearing. Mr. Cline was

not present at the prior hearing and the trial court noted he was not at fault for his absence. The victim had presented the court with a written statement at the prior hearing. The following exchange then occurred:

> THE COURT: . . . I guess I'm curious, Mr. Cline, how would you apologize to [the victim] in terms of the harms that you caused him?
>
> MR. CLINE:  I sincerely apologize. And in that night, the stuff that transpired I was reacting in self-defense, . . . .
>
> THE COURT:  Now I'm getting a self-defense claim, and I don't find that that acknowledges responsibility in any fashion.
>
> MR. CLINE:  No, sir. No.
>
> THE COURT:  That's what you just said.
>
> MR. CLINE:  Yes, sir.
>
> THE COURT:  You did. And so I'm finding that you're still not embracing the harms that you caused, that you're guilty of an assault that you're asking the court to expunge, and I get a self-defense comment.

{¶14}   With respect to self-defense, Mr. Cline informed the trial court that he "was hit with a beer bottle by somebody else that night" and that he "was trying to break up a fight." He stated that he did not "want to hurt anyone."  The following exchange occurred in response to this comment:

> THE COURT:  I don't think that was the case in the early 2000s.
>
> MR. CLINE:  You are absolutely - -
>
> THE COURT:  You were a serial hurter of people.
>
> MR. CLINE:  You are absolutely correct, sir.
>
> THE COURT:  And the system of expungement and the sealing of record is for people who have a changed life. But it begins with acknowledging the harms that you've caused to people.
>      . . .

THE COURT: . . . can you acknowledge how much you've affected [the victim's] life? Can you do that?

MR. CLINE: Yes, sir. I'm truly sorry for anything that I've done to hurt - -

THE COURT: Again, no specifics.

Mr. Cline's attorney then informed the court that he had talked to his client about the incident and that "[p]art of the issue is this is 20 years old" and "Mr. Cline has some vague recollection of that evening in question . . . ."

{¶15} The victim's sister informed the court that, even though it happened 20 years ago, the victim is still being treated for the injuries he sustained the night of the incident. The sister informed the court that the victim has been treated for his injuries for 20 years and that he had an upcoming dental surgery to remove teeth that had been knocked loose in the incident. Sister told the court how the incident affected the victim over the years, including the impact it had on him as a father with three children. She talked about how the incident affected the victim's work, finances, and mental health.

{¶16} "[T]he issue of rehabilitation is peculiarly subjective . . . ." *State v Brooks*, 2012-Ohio-3278, ¶ 15 (2d Dist.). "The most common way of proving rehabilitation is to offer proof along the lines of 'I learned my lesson, I regret having committed my criminal act, and I will never do this again,' which necessarily involves an admission of guilt." *Id.* at ¶ 21; *see also State v. A.V.*, 2019-Ohio-1037, ¶ 11 (9th Dist.), quoting *State v. Evans*, 2013-Ohio-3891, ¶ 11 (10th Dist.) ("'Evidence of rehabilitation normally consists of an admission of guilt and a promise to never commit a similar offense in the future, . . . .'"). Evidence that an individual has become a productive member of society, has held gainful employment, has rebuilt his reputation, has not committed additional crimes, and "'has expressed sufficient remorse for his own actions in the context of the case'" may also be introduced to show rehabilitation. *Brooks* at ¶ 26, quoting *State*

*v. M.D.*, 2012-Ohio-1545, ¶ 14 (8th Dist.). As *Brooks* and other cases note, the statute requires a defendant to show that he has been rehabilitated *to the satisfaction of the trial court. See Brooks* at ¶ 9-10; *Evans* at ¶ 9-10,

{¶17} Mr. Cline claimed at the hearing that he was rehabilitated. He informed the court that he acted in self-defense on the night of the incident after he had been hit by a beer bottle. Self-defense could be inconsistent with a showing of rehabilitation and a showing that a defendant "'learned [his] lesson, . . . regret[s] having committed [his] criminal act,'" and that he "'will never do this again[.]'" *Brooks* at ¶ 21. *See e.g. State v. Collman*, 2013-Ohio-1766, ¶ 34 (9th Dist.) (noting that a defendant's willingness to assume responsibility and acknowledge his conduct is the first step to rehabilitation).

{¶18} This Court was not at the hearing and was not able to see and hear Mr. Cline. As the fact finder, it was up to the trial court to assess and determine credibility and the weight to be given to the testimony. *Quester v. Quester*, 2024-Ohio-1456, ¶ 37 (9th Dist.). Pointedly, the statute requires rehabilitation to be shown to the "satisfaction of the court" which suggests a deferential standard be used on appellate review. It was for the trial court to determine whether Mr. Cline had been rehabilitated to *its* satisfaction. The trial court did see and hear Mr. Cline and consequently was in a much better position to determine if he was rehabilitated.

{¶19} Upon examination of the record, we cannot conclude that the trial court abused its discretion when it found that Mr. Cline was not rehabilitated to the court's satisfaction and denied his application for expungement of record of conviction. "Failure of proof of rehabilitation is an independent ground upon which to deny a motion to seal . . . ." *Brooks*, at ¶ 28; *Simon*, 87 Ohio St.3d at 533 (trial court shall grant an expungement only where all requirements for eligibility are

established). Therefore, we need not address Mr. Cline's arguments that the trial court improperly relied upon the victim's statements or failed to balance his interests against the City's interests.

**{¶20}** Mr. Cline's assignment of error is overruled.

III.

**{¶21}** For the reasons set forth above, this Court affirms the judgment of the Barberton Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

SUTTON, J.
CONCURS.

HENSAL, J.
DISSENTING.

{¶22} "A trial court has a significant amount of discretion in determining whether a petitioner has been rehabilitated satisfactorily and whether the expungement is consistent with the public interest." *State v. Cuttiford*, 1998 WL 78695, *3 (9th Dist. Feb. 11, 1998). The court must comply with all of Section 2953.32's requirements, however, and must "provide sufficient information in its decision to enable a reviewing court to ascertain whether it has considered all matters that must be evaluated and whether it has applied the correct tests under the statute." *Id*.

{¶23} Regarding Mr. Cline's 2004 case, the court stated at the hearing that "I did weigh and consider the severity of the harm to Mr. Cline [sic], the ongoing nature from some of the things that they've described that they've described that could be attributed to the accident." It also stated that it had "considered both the application and the victim's statement and finds the application to be not well taken." In its written entry, the court reiterated that it had "considered both the application and the victim statement and finds the application to be not well-taken."

{¶24} Although Section 2953.32(D)(1) directs the court to consider a number of factors at the expungement hearing, Section 2953.32(D)(2) provides that the court's decision should be based on whether "the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged are not outweighed by any legitimate governmental needs to maintain those records," and whether "the rehabilitation of the applicant has been attained to the satisfaction of the court . . . ." The trial court's oral and written decisions in this case do not refer to either of those standards. The majority infers that the court must have denied Mr. Cline's application under the rehabilitation prong because it expressed concern about

the content of Mr. Cline's apology, but it did not raise the issue again after Mr. Cline's attorney spoke on Mr. Cline's behalf, and, with respect to his 2000 and 2006 cases, it found that Mr. Cline was living a vastly different life than he had before. If anything, at the hearing the court appeared to focus most on the fact that the victim was still suffering from some of the injuries Mr. Cline inflicted. Because I cannot clearly determine the basis for the trial court's denial of expungement, however, I would reverse the decision of the trial court and remand for further proceedings.

APPEARANCES:

JOSEPH SHELL, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Assistant Prosecuting Attorney, for Appellee.